UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OKECHUKWU DESMOND AMADI,<br><br>                                   Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden, et al.,<br><br>                                   Respondents. | Case No.: 25-cv-3497-RSH-BJW<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO APPOINT COUNSEL;**<br><br>**(2) GRANTING MOTION TO FILE SUPPLEMENTAL BRIEF,**<br><br>**(3) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER; AND**<br><br>**(4) DIRECTING FURTHER BRIEFING**<br><br>[ECF Nos. 2, 4, 10, 11] |

On December 8, 2025, petitioner Okechukwu Desmond Amadi filed *pro se* a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1. Petitioner, a citizen of Nigeria, is detained at the Imperial Regional Detention Facility in Calexico, California.

On December 10, 2025, the Court set a briefing schedule. ECF No. 3. On December 15, 2025, Petitioner moved to file a supplemental brief, submitting the brief along with his motion. ECF No. 10. On December 23, 2025, Respondents filed a return. ECF No. 13.

Petitioner has also filed an application for a temporary restraining order ("TRO"), and a motion for appointment of counsel. ECF Nos. 2, 4, 11.

## I. APPOINTMENT OF COUNSEL

Petitioner moves for appointed counsel under 18 U.S.C. § 3006A(a)(2)(B), which allows courts to provide counsel for financially eligible persons seeking habeas relief under § 2241 when the interests of justice so require. When deciding this issue, "the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Here, the Court determines that Petitioner states at least a colorable claim for relief as set forth below, and concludes that given the complexity of the issues involved, the case would benefit from appointment of counsel. Petitioner represents that he has spoken several times with an attorney from Federal Defenders of San Diego, Inc., who has expressed willingness to represent Petitioner if appointed. ECF No. 11 at 1-2.

Accordingly, Petitioner's motion for appoint of counsel [ECF Nos. 4, 11] is **GRANTED**. the Court **APPOINTS** Federal Defenders of San Diego, Inc., to represent Petitioner in connection with his petition. The Clerk of Court is **DIRECTED** to provide a copy of this order to Federal Defenders of San Diego, Inc.

## II. SUPPLEMENTAL BRIEF

The Court grants Petitioner's unopposed motion to file a supplemental brief. ECF No. 10.

## III. TEMPORARY RESTRAINING ORDER

Petitioner's application for a TRO is summary in nature, consisting of a list of requested relief. ECF No. 2. The Court denies the application without prejudice. The Court expects to move toward an expeditious resolution of Petitioner's case on the merits

1  following adequate briefing.

2  **IV.    FURTHER BRIEFING**

3  Among the issues raised in the Petition is the following.

4  Respondents assert that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 13 at 3, 6.[1] That statute provides in relevant part, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2). Respondents contend that Petitioner is an "applicant for admission" because, since he last arrived in the United States September 28, 2017, he was paroled into the United States for purposes of criminal prosecution, and was then prosecuted and served time in federal criminal custody, but never admitted. ECF No. 13 at 7. Respondents cite 8 U.S.C. § 1101(a)(13)(C)(v), which states: "An alien lawfully admitted for permanent residence in the United States shall not be regarded as seeking an admission into the United States for purposes of the immigration laws unless the alien … has committed an offense identified in section 1182(a)(2) of this title, unless since such offense the alien has been granted relief under section 1182(h) or 1229b(a) of this title." Respondents state, "Petitioner was paroled into the United States for charges of money laundering and then was convicted of money laundering and conspiracy to commit money laundering." ECF No. 13 at 7. Respondents do not further address how the charges or conviction establish that Petitioner, despite being a lawful permanent resident, was an "applicant for admission" as of September 28, 2017.

Petitioner's brief relies extensively on the Second Circuit's recent decision in *Lau v.*

---

[1] Respondents also assert that Petitioner is subject to mandatory detention pursuant to a separate provision, 8 U.S.C. § 1225(b)(1)(B). ECF No. 13 at 7. Respondents do not specify which of the mandatory detention regimes within that subparagraph apply to Petitioner.

*Bondi*, 130 F.4th 42 (2d Cir. 2025), which stated, "we see no statutory basis to conclude that DHS is allowed to use a subsequent conviction to provide an after-the-fact justification for its prior decision to parole an LPR upon reentry." *Id.* at 49. The Second Circuit's opinion thereby disagreed with the Ninth Circuit's decision in *Vasquez Romero v. Garland*, 999 F.3d 656, 664 (9th Cir. 2021). In *Vasquez Romero*, the Ninth Circuit held that "to meet its burden of proving that a returning LPR is seeking an admission to the United States under § 1101(a)(13)(C), the government may rely on a conviction obtained after the LPR is paroled into the United States but before the LPR is placed in removal proceedings." 999 F.3d at 668. As the Second Circuit noted, however, the Ninth Circuit's opinion was explicitly premised on deference to the BIA's interpretation of the statute pursuant to the *Chevron* doctrine—deference that is no longer due.

Respondents' brief does not address *Lau* or *Vasquez Romero*, neither of which was a habeas case. Respondents' brief also does not address Petitioner's argument that his money laundering conviction does not amount to a "crime involving moral turpitude," 8 U.S.C. § 1182(a)(2)(A)(i)(I), for purposes of determining whether a LPR should be deemed to be seeking admission. Respondents may be relying on a different provision to establish that Petitioner should be deemed an applicant for admission, 8 U.S.C. § 1182(a)(2)(I) (pertaining to money laundering), but they do not say so.

The Court would benefit from briefing on the foregoing issue from both Parties, in addition to other arguments the Parties see fit to raise.

Accordingly, the Court directs further briefing from both Parties as follows:

Petitioner's supplemental brief shall be filed no later than **January 15, 2026**. Respondents' supplemental brief shall be filed no later than **January 26, 2026**.

**IT IS SO ORDERED.**

Dated: December 24, 2025

Hon. Robert S. Huie
United States District Judge